330 So.2d 818 (1976)
Aimee CAMARA, Appellant,
v.
Pedro Pablo De La CAMARA, Appellee.
No. 75-266.
District Court of Appeal of Florida, Third District.
April 6, 1976.
Rehearing Denied May 12, 1976.
Sibley, Giblin, Levenson & Ward, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Respondent wife, Aimee Camara, appeals from the property alimony and attorneys fees provisions of the judgment dissolving her marriage to the petitioner husband, Pedro Pablo de la Camara.
The husband and wife were married in Cuba in 1936 and resided there until 1960 at which time they came to live in the United States. Since then, both parties have been domiciled in and have become *819 citizens of the United States, the husband now residing in Florida.
The husband was a lawyer in Cuba and had about $250,000 in various real estate properties located in Cuba, some of which he inherited and others which he purchased. These properties were taken by the Cuban government at the time the husband left Cuba. Upon arrival in the United States he had approximately $170,000 in stocks and bonds which he owned and which were held in brokerage accounts in the United States. The wife, while in Cuba, inherited approximately $100,000 in cash and brought to the United States approximately $80,000 in cash and $58,000 in stocks and bonds owned by her and held by a United States brokerage firm. The major source of the wife's accumulation of assets came from her inheritance. The parties separated in 1962, and have not lived together since that time. Since 1962, the husband has given the wife approximately $92,000 in support money and has supported their two children who have now reached their majority. The husband has worked for modest salaries since 1962, and is 72 years of age. He now lives on the dividends and interest on his stock holdings as does the wife.
The main thrust of the wife's appeal is that the marriage property law of Cuba (Sociedad de Gananciales) applies to the property of the parties and, therefore, she is entitled to one-half of the husband's assets.[1]
In the final judgment of dissolution of marriage, the trial court found that,
"* * *
1. The parties have not lived together as man and wife in a normal family relationship for approximately twenty years.
2. That during the period of at least the last twelve years, the Petitioner has been making voluntary payments to the Respondent far in excess of his ability to provide and her need therefor.
3. That part of the means that Petitioner used to pay the aforesaid sums to the Respondent was by liquidation of principal rather than from earned income.
4. That the stocks now held by the Petitioner have been in large part purchased *820 while in the United States with no showing as to whether the funds used to purchase these stocks were, in fact, directly related to the stocks purchased while in Cuba, or what series of transactions actually led up to and resulted in the stocks now held.
5. That a substantial portion of the "moveables" were acquired by the Petitioner, after having left Cuba, and the requisite facts for the establishment of a resulting trust in the after acquired property has not been shown.
6. That the granting of lump sum alimony, as hereafter set forth, would in effect equal the Respondent's interest in the `Sociedad de Gananciales' as to those moveables acquired prior to leaving Cuba, even if said `Sociedad de Gananciales' was found to exist, and to be applied as the rule of law herein.
7. The Petitioner has sustained the allegations of his complaint.
NOW, THEREFORE, it is
ORDERED AND ADJUDGED:
1. That the bonds of marriage between the Petitioner, PEDRO PABLO de la CAMARA, and the Respondent, AIMEE CAMARA, are dissolved because the marriage is irretrievably broken.
2. That lump sum alimony in the sum of Twelve Thousand and No/100 Dollars ($12,000.00) is granted to the Respondent from the Petitioner. Said lump sum alimony to be payable at the rate of Five Hundred and No/100 Dollars ($500.00) per month commencing the first day of February, 1975, and the first day of each month thereafter until fully paid, or by payment in full at any time of the balance then remaining unpaid.
3. Each party is to bear his own attorney's fees and costs.
* * *"
The interest of one spouse in moveables acquired by the other during marriage is determined by the laws of the domicile of the parties when the moveables are acquired. Quintana v. Ordono, Fla. App. 1967, 195 So.2d 577, and cases cited therein. Therefore, Cuban law applies to moveables owned by the parties in 1960, thereafter brought to the United States. It must, then, be proved that the moveables now in possession of the husband are conjugal property. If a portion of the consideration for the husband's assets belongs to the wife and such assets are taken in the husband's name, a resulting trust arises in her favor by implication of the law. Quintana v. Ordono, supra. We then look and apply the findings of fact made by the trial court in the case presently before us and apply the law applicable thereto. We are of the opinion that, from the testimony and documentary evidence presented by the parties, there is substantial competent evidence to support the finding and judgment of the trial court as to the property rights of the husband and wife and the alimony award.
We find no abuse of discretion in the judgment of the trial court in requiring each party to bear his/her respective attorneys fees and court costs.
Affirmed.
NOTES
[1] Sociedad de Gananciales provides in pertinent part:

"Art. 1392. By virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage.
Art. 1392. The following is the separate property of each of the spouses:
1. That brought to the marriage as his or her own.
2. That acquired for a good consideration by either of them during the marriage.
3. That acquired by right of redemption or by exchange for other property belonging to one of the spouses only.
4. That bought with money belonging exclusively to the wife or to the husband.
Art. 1398. Property bestowed as a gift or left by will jointly to the spouses and with a designation of specified shares shall belong as dowry to the wife and as capital to the husband and in the proportion fixed by the donor or testator... .
Art. 1401. To the conjugal partnership belong:
1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.
2. That obtained by the industry, salaries, or work of the spouses or of either of them.
3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses.
Art. 1407. All of the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife.
Art. 1408. The conjugal partnership shall be liable for:
5. The support of the family and the education of the children in common and of the legitimate children of one of the spouses only. Art. 1417. The conjugal partnership expires on the dissolution of the marriage or when it is declared void."